**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


**STEVEN GREGORY MILLER,**                                    PETITIONER

**V.**                                                       NO. 4:07CV196-P-B

**STATE OF MISSISSIPPI, et al.,**                           RESPONDENTS


## OPINION

This cause comes before the court on the petition of Steven Gregory Miller for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

While incarcerated at Parchman for an unrelated crime, Miller was convicted of aggravated assault in the Circuit Court of Sunflower County, Mississippi. Miller was sentenced to five years imprisonment. On August 6, 2002, the Mississippi Court of Appeals affirmed Miller's conviction and sentence. *See Miller v. State*, 823 So.2d 611 (Miss. App. 2002). Following the denial of his appeal, Miller admittedly failed to file any further motions or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a).

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). A defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Miller failed to pursue a motion for rehearing the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Miller's judgment became final fourteen days after the Court of Appeals affirmed his conviction.

The Court of Appeals decision was dated August 6, 2002. In the absence of any further review, Miller's sentence and conviction became final on August 20, 2002, the date on which his time for seeking further review in state court expired. Under the AEDPA, Miller then had one year to seek federal review of his judgment. In order to be timely, Wright's petition should have been filed on or before August 20, 2003. Miller did not file this petition until November 29, 2007, approximately 1562 days too late. Furthermore, because Miller did not file a proper post-conviction application in the state courts, the AEDPA's tolling provision is not applicable.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has

repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

In support of his petition, Miller contends that he has new evidence referring to the conviction of a Ruleville Police Chief, Ronald Robinson. Despite several eyewitnesses to the assault, Miller speculates that Robinson concocted and carried out a plan to have him convicted of the charges. Miller, of course, has no proof of his theory which is plainly contradicted by the record. Accordingly, Petitioner has not alleged the type of "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath new life into his habeas claims. Consequently, it must be dismissed..

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of February, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE